## THOMAS SNELL

*v.*

## ROWENA WEIR.

TROVER—*whether the proof shows a cause of action.* In an action of trover for a horse, it did not appear that the defendant had ever exercised any control over the horse, or that any demand was made before suit brought. There was evidence tending to show a ratification by the plaintiff of a sale of the horse previously made by a bailee. It was *held,* the proof failed to establish a cause of action, and an instruction which directed the jury that if the bailee was not authorized to sell the horse, they should find for the plaintiff, being the only instruction given, was erroneous, because it excluded from the consideration of the jury the question whether there was a wrongful conversion, either by a tortious taking, or a refusal to deliver on demand, and also excluded the subject of a subsequent ratification.

APPEAL from the Circuit Court of DeWitt county.

Mr. E. H. PALMER, for the appellant.

Messrs. FULLER & GRAHAM, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was trover, brought by appellee against appellant and others, for a horse of appellee. There was a trial upon the

plea of not guilty; verdict of guilty returned, and appellee's damages assessed at $115. Motion for new trial made, which was overruled by the court, and judgment rendered upon the verdict, to which exception was taken. The evidence and ruling of the court were preserved by the bill of exceptions, which purports to contain all the evidence given on the trial.

The theory of the case, on the part of appellee, seems to have been that one Clemens, cousin of appellee, and boarding at her house, had the care and custody of the horse in question and its mate, for her, but had no authority to sell either of them; that while Clemens was having the horses boarded at the stable of one McMillan, J. T. Salter & Co. were buying horses for the army, and that they, through an agent, bought the horse in controversy of Clemens. We find in the record this stipulation : "It was agreed in open court that James T. Snell, as agent for Salter & Co., paid Clayton Clemens $110 for said horse."

James T. Snell is not a party to the suit. There is no evidence that either of the defendants personally knew anything about the alleged purchase, or that they or either of them ever exercised any control over the horse, or that any demand was made upon them for it, before the bringing of the suit.

There was evidence tending to show that appellee, with knowledge of the sale by Clemens, ratified the act, and authorized him to buy another horse in place of the one sold.

This being the state of the case, the court, on behalf of the plaintiff, gave to the jury the following instruction : "That, unless they believe from the evidence that Clemens was authorized by the plaintiff to sell the horse in question, they will find for the plaintiff."

This was the only instruction given in the case. It excludes from the consideration of the jury the question whether the defendants were guilty of a wrongful conversion, either by a tortious taking, or a refusal to deliver upon demand. It also excludes from their consideration the question of a subsequent ratification.

The evidence fails to establish a cause of action, and the court below erred in instructing the jury, and refusing to grant a new trial.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*